57162. BIGLEY et al. v. LAWRENCE et al.

DEEN, Chief Judge.

On October 5, 1976, appellees, the Lawrences, filed a complaint seeking to enjoin appellants from foreclosing upon certain real property. The trial court granted temporary restraining order and issued a rule nisi for a hearing on the interlocutory injunction on October 7, 1976. The clerk of the court issued a summons, but there is nothing in the record to indicate that a copy of the complaint and the rule nisi were ever served upon appellant. However, in October, 1977, appellants filed a motion for summary judgment accompanied by supporting affidavits. On February 22, 1978, the trial court entered a default judgment restraining appellants from proceeding with the foreclosure and ordering them to mark the deeds to secure debt in question "satisfied." This appeal is brought from the denial of appellants' motion to open the default.

Appellants contend that the trial court erred in

granting a default judgment to the appellees when there was no proof of service in the record and in failing to grant appellants' motion to open the default.

It is a long standing rule of law that where the record discloses that a defendant was never served with a copy of the complaint and summons attached thereto, and if the defendant has not either waived service or made a general appearance in the case, there is no valid suit pending in the trial court and the trial court does not acquire personal jurisdiction over the defendant. *Larsen v. Larsen,* 224 Ga. 112 (160 SE2d 383) (1968). However, any act by which one consents to the jurisdiction of the court constitutes a waiver. *Jones v. Roberts Marble Co.,* 90 Ga. App. 830 (84 SE2d 469) (1954). A consent judgment extending a temporary restraining order is sufficient to constitute a waiver, *Moss v. Bishop,* 235 Ga. 616 (221 SE2d 38) (1975), as is an objection to interrogatories, *Sorrells v. Cole.* 111 Ga. App. 136 (141 SE2d 193) (1965), and a general demurrer, *Hatcher v. Ga. Farm Bur. Mut. Ins. Co.,* 112 Ga. App. 711 (146 SE2d 535) (1965). Therefore, where appellant files a motion for summary judgment based upon the merits of the case, he has made a general appearance and waived any defects in the service of the complaint.

Under Code Ann. § 81A-112 (a), a defendant's answer is due 30 days *after service* of the complaint and summons. (Emphasis supplied.) Although we can find no Georgia cases on point, we hold that a defendant has 30 days to file an answer after he waives service by making an appearance in the case because the time jurisdiction is waived is the equivalent of the time service of process is made in a normal case. In the present case, appellants were never served and their motion for summary judgment was filed within the time for filing defensive pleadings although they never did file an answer to the complaint. Therefore, it was error for the trial court to enter a default judgment while a motion was pending before the court which was filed within the time to plead. *Hopkins v. Harris,* 130 Ga. App. 489 (203 SE2d 762) (1973). As the trial court has not ruled upon appellants' motion for summary judgment, it was error to enter a default judgment.

*Judgment reversed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 10, 1979 — DECIDED MARCH 8, 1979.

*Edward E. Boshears,* for appellants.
*Reid W. Harris,* for appellees.