## 62757. MOCK et al. v. COPELAND.

Carley, Judge.

On April 28, 1980 appellee filed the instant tort action against appellants. On May 6, 1980, appellants, without having filed an answer to the complaint, made a motion under Code Ann. § 81A-112 (f) to strike three paragraphs of appellee's complaint as "irrelevant, immaterial, incompetent, and highly prejudicial." Though a transcript is not in the record before us, apparently a hearing was held on appellant's motion to strike on May 12, 1980, at which the trial court orally granted the motion and ordered that the paragraphs be stricken and that appellee amend his complaint to exclude such matter. A written order to this effect was not entered by the trial court until June 26, 1980. On November 6, 1980, appellee filed an amendment to his complaint, specifically striking the three paragraphs and inserting three new paragraphs in lieu thereof. Appellants filed their first defensive pleading in the action on November 24, 1980, denominated as their "Answer To Complaint As Amended." Appellee subsequently moved for the entry of default judgment against appellants on the basis that their "answer" had not been timely filed. Appellee's motion was granted and appellants appeal from the entry of default judgment against them.

"If in any case an answer has not been filed within the time required by [the Civil Practice Act], such case shall automatically become in default unless the time for filing the answer has been extended as provided by law." Code Ann. § 81A-155 (a). "A defendant *shall serve* his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." (Emphasis supplied.) Code Ann. § 81A-112 (a). Thus, appellants were required to file an answer to appellee's complaint within 30 days of the date of its service upon them, which would have been sometime in May of 1980. They did not file their answer, however, until November of 1980. It is apparently the contention of the appellants that the trial court's grant of their motion to strike the three paragraphs of the complaint and its order that appellee amend his complaint to exclude "such matter" tolled the time for answering the suit until appellee subsequently filed his "amended" complaint. This argument is patently meritless. Under Georgia procedure there is no tolling of the 30-day requirement for filing an answer. Under Code Ann. § 81A-103 a civil action is commenced by the filing of a complaint with the court. Under Code Ann. § 81A-112 (a) the defendant generally has 30 days, no more and no less, after service upon him of the summons and complaint within which to file his answer in the action. It therefore follows that it is only the grant of a

motion terminating the underlying action which would, in turn, preclude the entry of default judgment against a defendant who had not filed a timely answer. In other words, it is only the grant of a motion to dismiss raising Code Ann. § 81A-112 (b) *defenses* to the underlying action which would obviate the requirement for a timely filed answer. It is clear that a motion to strike under Code Ann. § 81A-112 (f) is not such a defensive motion and that, even after it was granted, the action commenced by appellee's complaint was pending and appellants' time for answering was running. Compare *Diaz v. First Nat. Bank,* 144 Ga. App. 582 (241 SE2d 467) (1978). It follows that appellants were in default 31 days after service upon them of appellee's summons and complaint and, appellants not having opened the default by answering and paying costs within 15 days thereafter, it was not error to enter default judgment against them. Code Ann. § 81A-155 (a). In so holding we of course express no opinion as to whether appellants would have been entitled to relief under Code Ann. § 81A-155 (b) prior to the entry of default judgment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982.

*Franklin H. Thornton,* for appellants.
*Luther M. Wyatt,* for appellee.