## 38901. CATO OIL & GREASE COMPANY v. LEWIS.

WELTNER, Justice.
Lewis sued Cato Oil and Grease Co. (Cato) seeking recovery for injuries sustained in a fall at Cato's place of business. Cato failed to answer the complaint, but within the time for answering filed a motion to strike the entire complaint under Code Ann. § 81A-112 (f).

In its motion Cato alleged that the complaint was "redundant, immaterial and impertinent" in violation of Code Ann. § 81A-112 (f); that it was "complex and convoluted, verbose and prolix, indirect and replete with negative pregnants" in violation of Code Ann. § 81A-108 (a)(1) and (e)(1); and that "it [failed] to make averments in separate paragraphs, the contents of which are limited to a statement of a single set of circumstances" in violation of Code Ann. § 81A-110 (b). Lewis subsequently moved for a default judgment and for a protective order limiting discovery to the issue of damages. Cato then moved to open default under Code Ann. § 81A-155 (b).

After a hearing, the trial court denied Cato's motion to open default and granted Lewis' motions for a default judgment and a protective order, without expressly ruling on Cato's motion to strike. After Cato's application for interlocutory appeal was denied by the Court of Appeals, we granted certiorari to consider whether it was error to grant the motion for a default judgment and deny Cato's motion to open default prior to an explicit ruling on the motion to strike, and while said motion to strike was pending.

1. Initially, Lewis contends that in granting his motion for a default judgment, the trial court implicitly denied Cato's motion to strike. Inasmuch as there was no express ruling on the motion to strike, from which an appeal could be taken, we reject this contention. The same conclusion follows from *Bigley v. Lawrence,* 149 Ga. App. 249, 250 (253 SE2d 870) (1979), where the Court of Appeals held that it was error to enter a default judgment while a timely motion for summary judgment was pending.

2. "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." Code Ann. § 81A-112 (a). Under Georgia procedure, the filing of a motion by the defendant does not toll the time for filing an answer. *Mock v. Copeland,* 160 Ga. App. 876 (288 SE2d 591) (1982). At the same time, the Court of Appeals has held that it is error to grant a motion for a default judgment prior to ruling on a timely, pending motion, whether a motion to dismiss for failure to state a claim or motion for summary judgment. *Williams v. Coca-Cola Co.,* 158 Ga. App. 139 (279 SE2d 261) (1981); *Bigley,* supra; *Hopkins v. Harris,* 130 Ga. App. 489 (203 SE2d 762) (1973).

In *Mock,* supra, the defendant failed to answer but made a timely motion to strike three paragraphs of the plaintiff's complaint. The motion was granted and the plaintiff amended the complaint to exclude the paragraphs in question. The defendant then filed an answer to the complaint as amended, contending that the grant of the motion to strike initiated a new 30-day time period for answering. The trial court granted a default judgment, and the Court of Appeals

affirmed, holding that ". . . it is only the grant of a motion terminating the underlying action which would, in turn, preclude the entry of a default judgment against a defendant who had not filed a timely answer." 160 Ga. App. at pp. 876-877. As the plaintiff's action in *Mock* remained pending after the grant of the motion to strike three paragraphs, the defendants were bound by the original 30-day time limit. The Court of Appeals went on to say that ". . . it is only the grant of a motion to dismiss raising Code Ann. § 81A-112 (b) *defenses* to the underlying action which would obviate the requirement for a timely filed answer." 160 Ga. App. at p. 877.

*Mock* may be distinguished from the present case on its facts, as the Court of Appeals was not called upon to consider the effect of the grant of a motion to strike the entire complaint. The grant of such a motion would require the plaintiff to file a new complaint, and the defendant, of necessity, would be allowed 30 days to answer the new complaint. As the grant of a motion to strike the entire complaint would result in the initiation of a new 30-day time limit for answering, we conclude that the trial court should not have granted Lewis' motion for a default judgment prior to ruling on Cato's motion to strike.[1] Accordingly, the case is remanded to the trial court for proceedings consistent with this opinion.

3. Cato contends that it is *not* in default, inasmuch as its motion to strike is, in effect, an answer within the contemplation of the Civil Practice Act. That contention is based upon one sentence contained in the fourth paragraph of the motion, as follows: "Therefore, even if defendant failed to keep an adequate staff, which defendant denies, such failure is not actionable."

It is usually informative, in determining what a pleading is, to look at what the pleader says it is.

This document is denominated "Motion to Strike Complaint." The only relief sought is the striking of the complaint. The parenthetical address of a factual contention of the complaint is insufficient to alter its basic character as a motion to strike, and this contention is rejected.

4. Cato further contends that the trial court abused its discretion in refusing to open the default. This contention, alike, is without merit, as such matters are within the sound discretion of the trial court, which saw fit simply to hold the pleader to its election to stand or fall upon the validity of the motion to strike.

*Judgment reversed and case remanded. All the Justices concur.*

---

[1] It should be noted also that, contrary to the dicta in *Mock*, the grant of a motion for summary judgment under Code Ann. § 81A-156 (b) would terminate the underlying action and preclude the entry of a default judgment. See *Bigley,* supra.

*G. Conley Ingram, Ronald L. Reid, R. Wayne Thorpe,* for appellant.
*Thomas F. Allgood, Robert L. Allgood,* for appellee.