74394. BROWN v. DIAZ et al.
(361 SE2d 490)

BENHAM, Judge.

Appellant, an inmate incarcerated at the Georgia State Prison at Reidsville, filed this suit for damages against two correctional officers employed at the prison, claiming they had subjected him to cruel and unusual punishment in violation of the Eighth Amendment while transporting him from the prison to a court appearance in Savannah. After conducting a hearing, the trial court sua sponte dismissed appellant's lawsuit as frivolous, from which action appellant now brings this appeal.

1. Appellant initially contends the dismissal of his action was the result of the trial court's alleged bias against appellant due to appellant's race and indigency. Appellant's failure to present either argument or citation of authority on this issue compels us to treat the enumerated error as abandoned. Court of Appeals Rule 15 (c) (2); *Field Developers v. Johnson*, 160 Ga. App. 180 (1) (289 SE2d 321) (1981).

2. Appellant next claims error because the trial court allegedly denied appellant leave to conduct discovery. The transcript of the

hearing contains prison records obtained by appellant through means of discovery as well as references to the interrogatories and requests for admissions propounded on appellees by appellant. There is no evidence that appellant was prevented by the trial court from conducting discovery.

3. Appellant next contends the trial court erred in dismissing his lawsuit as frivolous. Appellant's suit, a federal cause of action brought in forma pauperis under the auspices of 42 USCA § 1983, is controlled by federal law. *Davis v. City of Roswell*, 250 Ga. 8 (1) (295 SE2d 317) (1982). Under 28 USCA § 1915 (d), a trial court may dismiss a case if it is "satisfied that the action is frivolous or malicious." The dismissal of a frivolous action is appropriate to prevent an abuse of process. *Brown v. Pena*, 441 FSupp. 1382 (S. D. Fla. 1977), aff'd without opinion, 589 F2d 1113 (5th Cir. 1979). "[T]he standard for determining the legal sufficiency of a complaint is the same under either Fed. R. Civ. P. 12 or 28 USC § 1915 (d). [Cits.]" *Spears v. McCotter*, 766 F2d 179, 182 (5th Cir. 1985). Therefore, the dismissal of a lawsuit as frivolous is appropriate where the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Fed. R. Civ. P. 12. Cf. *Estelle v. Gamble*, 429 U. S. 97, 106 (97 SC 285, 50 LE2d 251) (1976).

"Because 42 USC § 1983 is not a general tort statute but imposes liability only for [the violation] of rights secured by the Constitution and laws of the United States, it does not grant a cause of action for every injury . . . inflicted by a state officer." *Shillingford v. Holmes*, 634 F2d 263, 264 (5th Cir. 1981). "In determining whether the state officer has crossed the constitutional line that would make the physical abuse actionable under Section 1983, we must inquire into the amount of force used in relationship to the need presented, the extent of the injury inflicted and the motives of the state officer. If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983. [Cits.] The degree of force exerted and the extent of physical injury inflicted that together amount to a constitutional deprivation must, of course, be determined by the facts of a given case." Id. at 265.

In the case at bar, appellant contended he was subjected to cruel and unusual punishment, incurring permanent physical injuries, because appellees improperly chained and cuffed him while transporting him to a court appearance. The prison medical records reflected that appellant had been treated for a "superficial abrasion on his right ankle" upon his return to the prison. The trial court examined appellant's right ankle and noted it "appeared to have a slight scar or dis-

coloration less than one-quarter of an inch in length." Appellees testified that appellant was cuffed and chained as mandated by prison policy and procedure and that appellant gave no indication of discomfort. The trial court dismissed appellant's suit as frivolous because appellant had failed "to state a claim of sufficient magnitude to state a violation of his Eighth Amendment to be free from cruel and unusual punishment." Upon review of appellant's claim and the evidence presented at the hearing, we are in agreement with the trial court that appellant's claim of injury was insufficient to amount to a constitutional deprivation and was properly dismissed as frivolous.

4. Appellant assigns error to the trial court's denial of his motion seeking appointed counsel. Motions for appointment of counsel under 28 USCA § 1915 (d) are addressed to the sound discretion of the trial court and are granted only in exceptional circumstance. *United States v. McQuade,* 579 F2d 1180 (9th Cir. 1978). The appointment of counsel to represent an indigent prisoner in a civil rights case is not necessary unless it is shown that the denial of proper representation will result in fundamental unfairness impinging upon the inmate's due process rights, or that circumstances of the case may make the presence of counsel necessary. *Childs v. Duckworth,* 705 F2d 915 (7th Cir. 1983). No such showing was made herein; therefore, we cannot say the trial court abused its discretion in denying appellant's motion.

5. Appellant takes issue with the dismissal of his action after an evidentiary hearing in contravention of his demand for a jury trial. It is appropriate to conduct a non-jury hearing which may result in the dismissal of the lawsuit "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Spears v. McCotter,* supra at 180.

6. In light of our disposition of appellant's appeal in Division 3 of this opinion, we need not address appellant's enumeration concerning the denial of his motion to set aside.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED OCTOBER 1, 1987 — 

Phillip Brown, *pro se.*

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Jennifer Hackemeyer, Assistant Attorney General,* for appellees.