A91A0726. HAMM v. WILLIS et al.
(411 SE2d 771)

SOGNIER, Chief Judge.

George Hamm, a prison inmate, filed suit under 42 USC § 1983 against Gerald Willis and other prison officials and employees alleging that his loss of certain items of personal property was caused by the defendants in violation of his constitutional rights. A jury found in favor of the defendants. The trial court accepted the jury's verdict and then pursuant to OCGA § 9-15-14 entered judgment against Hamm for the defendants' attorney fees and expenses of litigation. Hamm appeals.

1. Appellant contends the evidence was not sufficient to support the jury's verdict against him and enumerates five other errors regarding what transpired at trial. However, the record reflects that appellant did not request that a transcript be prepared and transmitted with the record on appeal (for the cost of which appellant would be responsible, see *Jackson v. Young*, 134 Ga. App. 368 (214 SE2d 380) (1975)). Accordingly, in the absence of either a transcript or an agreed statement of the events at trial, see OCGA § 5-6-41 (f), we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. See generally *Triple A Distrib. v. Carrier Reps, USA*, 193 Ga. App. 348, 349 (1) (387 SE2d 624) (1989); *Attwell v. Heritage Bank Mt. Pleasant*, 161 Ga. App. 193, 194 (291 SE2d 28) (1982).

2. No showing was made that the denial of appellant's motion seeking appointed counsel would result in fundamental unfairness im-

pinging upon appellant's due process rights or that the circumstances of the case made the presence of counsel necessary. *Brown v. Diaz*, 184 Ga. App. 409, 411 (4) (361 SE2d 490) (1987). Thus, although appellant alleges the trial court's denial of his motion rendered him bereft of effective assistance of counsel, we cannot say the trial court abused its discretion. See id.

3. (a) The record reflects that appellant named Gary White as a defendant in his original complaint. While White was listed in the summons that was issued, the record shows he was never served with process. There being no service upon White and the record not indicating that White waived service, it follows that he was not required to answer appellant's complaint, OCGA § 9-11-12 (a), and since "[a] default judgment based upon other than legal service is a nullity, [cit.]," *Collins v. Peacock*, 147 Ga. App. 424, 427 (2) (249 SE2d 142) (1978), the trial court did not err by refusing to enter default judgment against White.

(b) Appellant also contends the trial court erred by failing to enter default judgment against David Evans, Commissioner of the Department of Corrections. The record reveals that appellant moved to amend his complaint, which the trial court denied on the basis that because no pretrial order had been entered, under OCGA § 9-11-15 (a) appellant could amend his complaint as a matter of course without the court's permission. Appellant then filed on June 7, 1988 what was denominated an amended complaint, in which he sought to add Evans as a party defendant. It does not appear that appellant ever moved the court to join Evans as a person needed for the just adjudication of the case as provided by OCGA § 9-11-19 (a). See *Smith v. Foster*, 230 Ga. 207, 208-209 (1) (196 SE2d 431) (1973). No summons was issued and Evans was never served. Appellant moved for entry of default judgment against Evans on August 1, 1988, which the trial court denied in January 1989. We need not address the trial court's misplaced reliance upon OCGA § 9-11-15 (a) and *Building Assoc. v. Crider*, 141 Ga. App. 825 (1) (234 SE2d 666) (1977) (holding that a defendant *who is already a party to a suit* need not file responsive pleadings to an amended complaint), because, as we held in Division 3 (a), supra, default judgment cannot be entered against a defendant who has not been served with process.

However, the record next reflects that on June 30, 1989, Evans and the other appellees (not including White) filed a motion to dismiss. Although a motion to dismiss is the proper vehicle to seek resolution of the issue of lack of service or insufficient service of process, see *Terrell v. Porter*, 189 Ga. App. 778, 779 (2) (377 SE2d 540) (1989), Evans did not challenge the lack of service in the motion to dismiss but instead addressed the merits of appellant's claim, requiring consideration of evidence outside the pleadings. The trial court thus

properly treated the motion to dismiss as a motion for summary judgment, OCGA § 9-11-12 (b), and partially granted the motion, disposing of all matters except those which were the subject of the jury trial sub judice. (We note that no exception was taken to the trial court's ruling on appellees' motion.)

In *Bigley v. Lawrence*, 149 Ga. App. 249 (253 SE2d 870) (1979), the appellees filed suit in October 1976 but service was never perfected. A year later appellants filed a motion for summary judgment and the trial court entered default judgment against appellants. This court held that when a defendant files a motion for summary judgment on the merits of the case without having raised an issue as to sufficiency of service of process, he has made a general appearance and thereby waived any alleged defect in the service. Id. at 250; see also *Roberts v. Bienert*, 183 Ga. App. 751, 753 (2) (360 SE2d 25) (1987). We then went on to hold that "a defendant has 30 days to file an answer after he waives service by making an appearance in the case because the time jurisdiction is waived is the equivalent of the time service of process is made in a normal case. In the present case, appellants were never served and their motion for summary judgment was filed within the time for filing defensive pleadings although they never did file an answer to the complaint. Therefore, it was error for the trial court to enter a default judgment while a motion was pending before the court which was filed within the time to plead. [Cit.]" *Bigley*, supra at 250. It thus appears that Evans was required within 30 days of making his general appearance in the case (the date of filing of the motion to dismiss/summary judgment) to file his answer, id., and that his motion would not serve in lieu of an answer unless the grant of the motion terminated appellant's suit against Evans. See *Cato Oil &c. Co. v. Lewis*, 250 Ga. 24, 25-26 (2) (295 SE2d 527) (1982); *Mock v. Copeland*, 160 Ga. App. 876 (288 SE2d 591) (1982). In the instant case, the trial court's order on Evans' motion did not obviate the requirement for a timely filed answer because it did not completely dispose of the underlying action. It follows that Evans was in default on the issues remaining in appellant's complaint 31 days after Evans made his general appearance in this case.

Nonetheless, even though the action was in default as to Evans, the record reveals that appellant did not raise the issue of default once Evans had made a general appearance, nor did appellant move for entry of default judgment prior to trial, during trial, nor after trial, until this appeal. "The statutory right to judgment following default is not an indefeasible right, but may or may not be asserted ([cits.]), and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. [Cits.] Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with

the right to judgment. [Cits.] Acts which have been held to constitute waiver include: . . . joining issue upon the pleadings ([cit.]), going to trial on the merits ([cit.]), or announcing ready for trial and introducing evidence on the merits ([Cit.]). . . . [T]hese indicia of waiver are present in the instant case." *Ewing v. Johnston*, 175 Ga. App. 760, 764-765 (1) (334 SE2d 703) (1985).

Therefore, we find under the facts of this case that appellant waived his right to default judgment, and the trial court did not err by failing to enter default judgment, sua sponte. Id. at 765 (1).

4. Appellant contends the trial court abused its discretion by not allowing him to take discovery. The record reflects that appellees filed answers to appellant's interrogatories; that the trial court denied appellant's motion for leave to take the depositions of appellees because leave of court was not required and informed appellant that he was free to utilize standard discovery procedures; and that appellant's motion to compel production of documents was first denied because it was premature and, despite the trial court's reference to the proper procedures set forth in the Uniform Superior Court Rules and OCGA § 9-11-34, the second denial of appellant's motion was due to appellant's improper utilization of federal court discovery procedures. There is no evidence that appellant was prevented by the trial court from conducting discovery. *Brown*, supra at 409-410 (2).

5. Regarding appellant's enumeration in which he contends the trial court erred by not ruling on his motions in a timely fashion, even assuming, arguendo, that the record supports that claim, appellant has failed to demonstrate how he was harmed by the alleged delay. Accordingly, this enumeration presents no reversible error. See generally *Mitchell v. Southern Gen. Ins. Co.*, 194 Ga. App. 218, 220 (4) (390 SE2d 79) (1990).

6. Appellant contends in two enumerations that the trial court erred by awarding appellees attorney fees and expenses of litigation ("court costs") under OCGA § 9-15-14 after having denied appellees' motion converted by the court into one for summary judgment. The judgment entered by the trial court on appellees' OCGA § 9-15-14 motion reflects that based on the evidence at trial, the court concluded that appellant's action lacked substantial justification and that there was a complete absence of any justiciable issue of law and fact that it could not be reasonably believed that a court would accept the asserted claim. The court also found it evident that appellant's lawsuit was brought for purposes of harassment of appellees. Thus, the trial court made the requisite findings. *Felker v. Fenlason*, 201 Ga. App. 207, 208 (4) (410 SE2d 326) (1991).

"Although the trial court's order makes the requisite findings, the issue yet remains as to whether the evidence authorized the trial court to make those findings. . . . '(A) trial court's award to a party

whose motion for summary judgment was denied *must* be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees.' . . . *Porter v. Felker*, [261 Ga. 421 (405 SE2d 31) (1991)]." Id. at 209 (5). A review of the record demonstrates no evidence that the instant suit is such an "unusual case." Accordingly, we must reverse the award of attorney fees. Id.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1991 —
RECONSIDERATION DENIED NOVEMBER 4, 1991.

George Hamm, *pro se.*

Michael J. Bowers, Attorney General, John C. Jones, *Senior Assistant Attorney General*, for appellee.