## A92A1194. BARNES v. SABATINO et al.
(423 SE2d 686)

SOGNIER, Chief Judge.

Larry Barnes filed a medical malpractice action against Bruce Sabatino, M.D., Wayne Memorial Hospital, and Spectrum Emergency Care, Inc., on August 16, 1991. In his complaint he alleged that an act of malpractice was committed upon him on October 25, 1988; that he was born on August 19, 1971 and thus was a minor at the time of the alleged malpractice; and that he reached his majority on August 19, 1989. The trial court granted the defendants' motion for summary judgment on the basis of the running of the statute of limitation, and Barnes appeals.

1. Appellant contends the trial court erred by failing to rule upon his challenge to the constitutionality of OCGA §§ 9-3-71 (a) and 9-3-73 (b). We note that the jurisdiction of the Supreme Court is not drawn into question here because "no constitutional question was raised in the trial court in the pleadings or any other portion of the record. From what appears [in the record below,] the contentions [regarding the constitutionality of only OCGA § 9-3-73 (b)] were asserted only in a brief submitted to the trial judge before final judgment, and hence are not a part of the record. The rule is well established that '[the Supreme Court does not] pass upon the constitutionality of an Act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge.' [Cits.]" *Walker v. Hall*, 226 Ga. 68-69 (172 SE2d 411) (1970). Because no constitutional issue was properly raised as to either OCGA § 9-3-71 (a) or OCGA § 9-3-73 (b), this court has jurisdiction over the appeal. Id.

Appellant in his brief argues only that the statutes violated his equal protection rights (but see *Mansfield v. Pannell*, 261 Ga. 243 (404 SE2d 104) (1991)), and due process rights, and failed to present either argument or citation of authority addressing the specific enumeration raised in this court, i.e., the trial court's alleged error in failing to rule upon his constitutional challenge to the statutes. We accordingly deem the enumerated error to be abandoned. Court of Appeals Rule 15 (c) (2); *Brown v. Diaz*, 184 Ga. App. 409 (1) (361 SE2d 490) (1987).

2. Appellant contends the trial court erred by granting summary judgment to appellees because it improperly applied OCGA § 9-3-73 (b) to this action. Specifically, appellant argues that OCGA § 9-3-90 (a) tolled the running of the two year statute of limitation set forth in OCGA § 9-3-71 (a). We do not agree.

The record establishes that appellant's cause of action arose on October 25, 1988, after the effective date of OCGA § 9-3-73 (b). Ga. L. 1987, p. 887, § 2. Appellant was 17 years old at the time his cause of

action arose. Although appellant correctly notes that the general language in OCGA § 9-3-90 (a) tolls the statute of limitation for minors, OCGA § 9-3-73 (b) expressly states that *"[n]otwithstanding Article 5 of this chapter,* [in which OCGA § 9-3-90 appears], . . . all minors who have attained the age of five years shall be subject to the periods of limitation for actions for medical malpractice provided in this article."* (Emphasis supplied.) Nothing in OCGA § 9-3-73 (b) supports appellant's argument that its provisions apply only to suits brought on behalf of a minor rather than suits brought personally by the injured minor upon reaching majority. Accordingly, because appellant failed to file his malpractice action within the two-year period after October 25, 1988, the date on which the injury occurred, his action was barred. OCGA §§ 9-3-71 (a); 9-3-73 (b). The trial court did not err by granting summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 25, 1992 —
RECONSIDERATION DENIED OCTOBER 9, 1992 —

*Burge & Wettermark, Michael J. Warshauer,* for appellant.

*Tinkler & Groff, William P. Tinkler, Jr., Julianna B. Belcher, Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Paul R. Vancil,* for appellees.