### A03A0424. TATE v. DEPARTMENT OF TRANSPORTATION.
(582 SE2d 162)

MILLER, Judge.

Seeking to recover for her husband's death as a result of an auto accident, Monique Tate sued the Georgia Department of Transportation (DOT) for negligence. Years later, the DOT asked the court to declare the case dismissed for want of prosecution. The court ordered that the case was dismissed as of five years after the last order in the case was entered. Tate appeals this order. We hold that under the rule set forth in OCGA §§ 9-2-60 (b) and 9-11-41 (e), the case was automatically dismissed five years after the most recent court order.

On February 20, 1995, Tate's husband was killed in an auto accident near an intersection. On February 17, 1997, she sued the DOT for wrongful death, claiming the intersection was unreasonably dangerous. She obtained court orders appointing two private process servers, which orders were entered on February 19, 1997.

The parties engaged in discovery and filed various stipulations purportedly extending the discovery period. Counsel for both parties also notified the court of leaves of absence. However, in none of these stipulations or leave of absence notices was the court requested to, nor did it, enter in this case an order regarding same.

On August 20, 2002, the DOT sent a letter to the court, noting that the case had been automatically dismissed as of February 19, 2002 (five years after the most recent court order). The DOT asked that the court instruct the clerk to mark the case as dismissed. In

September 2002, the court entered an order declaring that as of February 19, 2002,[1] the case stood dismissed without prejudice.

The court was correct that the case stood dismissed. Under both OCGA § 9-11-41 (e) and OCGA § 9-2-60 (b), any action in which no written order is taken for a period of five years shall automatically stand dismissed. The provisions of these Code sections are mandatory, and dismissal occurs by operation of law. *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994); *Goodwyn v. Carter*, 252 Ga. App. 114, 115 (555 SE2d 474) (2001). "The mandatory duty to obtain and file an order falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal." (Citations omitted.) *Goodwyn*, supra, 252 Ga. App. at 116; see *Swint v. Smith*, 219 Ga. 532, 534 (1) (134 SE2d 595) (1964). "In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) *Hoyal*, supra, 264 Ga. at 128. No party can waive this requirement. *Swint*, supra, 219 Ga. at 534 (3).

Here the court entered no orders following the appointment of the process servers on February 19, 1997, until five and one-half years later when it ordered that the case stood dismissed for want of prosecution. Thus, the case stood automatically dismissed once the five years had passed. Tate argues that she relied upon the DOT's counsel to have the court enter a consent order to continue the discovery period near the end of the five years. No competent evidence or court finding in the record substantiates this allegation. Moreover, we note that an agreement to continue the case is insufficient to prevent an automatic dismissal; only a written order from the court that is actually entered in the record suffices. *Harris v. Moody*, 144 Ga. App. 656 (242 SE2d 321) (1978).

Tate further argues that counsel's notices of leaves of absence met the requirement of a written order, since the court had a general standing order regarding leaves of absence. Requests for or notices of leaves of absence, however, do not suffice; only a written, signed, and entered judicial order specific to the case will suffice. *Prosser v. Grant*, 224 Ga. App. 6, 7-8 (2) (479 SE2d 775) (1996). General standing orders of the court are insufficient. See *West v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (1985). Thus, the court did not err in concluding that the case stood dismissed.

---

[1] The correct date of dismissal was actually February 20, 2002. See OCGA § 1-3-1 (d) (3). This minor error, however, does not affect the result in this case.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 7, 2003.

*J. Richardson Brannon*, for appellant.
*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, for appellee.