A03A2460. UNITED MAINTENANCE, INC. v. WILSON.
(595 SE2d 376)

MILLER, Judge.

United Maintenance, Inc. obtained a judgment against a debtor and garnished Charles M. Wilson, Jr. (the debtor's principal) to satisfy the judgment. Wilson answered, denying he held any assets of or owed any money to the debtor, and United traversed the answer. An evidentiary hearing was held on the traverse, resulting in a final judgment in United's favor on January 29, 2003. Claiming the judgment was a default judgment, Wilson moved the court under OCGA § 18-4-91 to reduce the judgment to $50, asserting once again his position that he owed no money to nor held any assets of the debtor. Without a hearing, the court on May 5, 2003, granted Wilson's motion and reduced the judgment to $50. United applied for and received permission to appeal, arguing that OCGA § 18-4-91 applies only to default judgments, not to final judgments on the merits entered after an evidentiary hearing. We agree and reverse.

By its terms, OCGA § 18-4-91 applies only to afford relief from default judgments entered pursuant to OCGA § 18-4-90. Basically, the idea is that a garnishee, who fails to answer the garnishment summons and who has a default judgment entered against him, may apply to the court within 60 days to have the judgment reduced to the greater of $50 or $50 plus 100 percent of the amount owed by the garnishee to the debtor. OCGA § 18-4-91.

Here, however, the garnishee Wilson was not in default but had timely answered the summons of garnishment, denying he held any assets of or owed any money to the debtor. The court conducted a trial on United's traverse of that answer and found that Wilson's answer was untrue. Accordingly, the court entered final judgment on the merits — not default judgment — in United's favor. Even if Wilson had been in default, United never sought default judgment but pursued a trial on the merits, thereby waiving default as a possible basis for the judgment. Cf. *Hamm v. Willis,* 201 Ga. App. 723, 725-726 (3) (b) (411 SE2d 771) (1991) (right to default judgment is waived if plaintiff goes to trial without seeking default).

Accordingly, we hereby reverse the May 5, 2003 order modifying the January 29, 2003 final judgment. This reversal reinstates the

January 29, 2003 final judgment and moots United's second enumeration of error regarding the lack of a hearing.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 18, 2004.

*Stokes, Lazarus & Carmichael, Shawn M. Winterich*, for appellant.

*Martin E. Valbuena*, for appellee.