A07A0269. SHIRLEY v. FICARROTTA.
(645 SE2d 667)

JOHNSON, Presiding Judge.

This is an appeal of a final judgment in favor of Phyllis Ficarrotta denying Russell Shirley's claims for specific performance, breach of contract, deceit in the sale of land, and attorney fees based on a contract for the sale of land. The record shows that on August 21, 2005, the parties entered into a purchase and sales agreement

---

whereby Ficarrotta agreed to sell Shirley 40 acres of property for the sum of $1,140,000. The contract provided that the sale was to close on January 7, 2006 and that time was of the essence. A special stipulation to the contract, executed on the same day as the contract, specified that the buyer would close within 30 days of completion of the due diligence time and that the buyer had the right to extend the closing date for 30 days upon payment to the seller of the sum of $5,000 for each 30 days.

On November 13, 2005, the parties entered into an amendment to the contract extending the closing date to January 16, 2006 and reducing the sale price to $900,000. This amendment also indicated that $5,000 in earnest money was paid to the seller.

The evidence clearly shows that the transaction did not close by January 16, 2006 and that no written extension of the closing date was executed by the parties. On February 2, 2006, Ficarrotta informed Shirley that she would not sell the property to him as a result of the expired contract. Four days later, Shirley filed the present suit. Ficarrotta was served with the complaint on February 9, 2006, but failed to file a responsive pleading and was in default at the time of the specific performance hearing in this case. At the hearing, the trial court denied Shirley's claim for specific performance based on the contract's expiration. The court denied the remaining counts of the complaint as moot. We find no error and affirm the trial court's order.

Shirley contends the trial court erred in allowing Ficarrotta to present evidence at the hearing because she was in default at the time of the hearing. However, the record shows that Shirley waived this argument. Although Ficarrotta was in default for failing to answer the complaint, the record reveals that Shirley did not raise the issue of default prior to the hearing in this case, nor did Shirley move for entry of default judgment prior to the hearing, during the hearing or after the hearing, until this appeal. The only comment made by Shirley concerning Ficarrotta's default was made at the hearing and concerned any potential counterclaim: "Your Honor, we would also like to voice an objection to any sort of counter claim [sic] that she may be asserting against Mr. Shirley for money. It's my understanding that no answer has been filed in this particular case and she is in default."

> The statutory right to judgment following default is not an indefeasible right, but may or may not be asserted, and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment. Acts which

have been held to constitute waiver include: joining issue upon the pleadings, going to trial on the merits, or announcing ready for trial and introducing evidence on the merits. These indicia of waiver are present in the instant case.[1]

Under the facts of this case, Shirley waived his right to default judgment, and the trial court did not err in considering evidence presented by Ficarrotta and entering judgment in favor of Ficarrotta.

Even if we were to conclude that Shirley did not waive his right to default judgment and that the trial court erred in allowing Ficarrotta to present evidence by virtue of her failure to timely answer the complaint, the facts in this case would still demand judgment in favor of Ficarrotta. Shirley simply cannot successfully establish the claims alleged in his complaint given the facts of the case.

To obtain judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[2] While a default operates to admit the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom, the defaulting party is not precluded by operation of the default from showing that no claim existed which could allow the opposing party to recover.[3]

Here, the allegations set forth in Shirley's complaint establish the facts already delineated in this opinion. There are no additional facts showing that a written extension of the closing date was ever executed by the parties. In addition, contrary to Shirley's argument, there is no evidence that the $5,000 earnest money paid to Ficarrotta during execution of the November 13, 2005 amendment was anything more than consideration for the amended contract or the new closing date agreed to in the contract. Shirley's argument that this $5,000 extended the original closing date to February 6, 2006 flies in the face of the written amended closing date of January 16, 2006 and is not an allegation contained within his complaint. The trial court properly denied Shirley's claim for specific performance. Likewise, the trial court properly denied Shirley's remaining claims as moot.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[1] (Citations and punctuation omitted.) *Hamm v. Willis*, 201 Ga. App. 723, 725-726 (3) (b) (411 SE2d 771) (1991); *Ewing v. Johnston*, 175 Ga. App. 760, 764-765 (1) (c) (334 SE2d 703) (1985).

[2] See *Vickers v. Merry Land & Investment Co.*, 263 Ga. App. 316 (587 SE2d 816) (2003).

[3] See *Azarat Marketing Group v. Dept. of Administrative Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000).

DECIDED APRIL 26, 2007.

*Bryan P. Hilton*, for appellant.
*Hartley, Rowe & Fowler, Joseph H. Fowler, Tara P. Kinney*, for appellee.