A07A0776. WARD v. SWARTZ.
(648 SE2d 114)

BERNES, Judge.

Sandora S. Ward commenced this negligence action against Kimberly S. Swartz seeking to recover damages incurred in a motor vehicle accident. Many years later, Swartz moved to dismiss the action for want of prosecution, and the trial court granted the motion.

---

On appeal, Ward contends that: (1) the trial judge who granted the motion to dismiss was not authorized to do so because he was not the judge assigned to the case; (2) the trial court erred in granting the motion because Swartz was in default at the time and thus was not entitled to file the motion to dismiss; and (3) the trial court erred in granting the motion because the five-year automatic dismissal period had not yet elapsed.[1] For the reasons discussed below, we affirm.

On or about February 6, 1998, Ward and Swartz were involved in a motor vehicle collision on Roswell Road in Fulton County. Contending that she sustained personal injuries and property damage as a result of Swartz's negligence, Ward filed her complaint against Swartz on December 3, 1998. On May 21, 1999, Swartz filed her answer and served Ward with interrogatories and requests for documents. Swartz subsequently filed a motion to compel discovery. On November 22, 1999, after Ward responded to the motion to compel and served the requested discovery responses, the trial court entered an order denying the motion as moot. No further orders were written, signed, or entered on the record for over five years.

On May 25, 2005, Swartz moved to dismiss the complaint for want of prosecution. Ward thereafter responded to the motion to dismiss and also moved to have the case placed on the next available jury trial calendar. On August 7, 2006, the trial court entered its order granting the motion to dismiss.

1. Citing to Uniform Superior Court Rule (USCR) 3.3,[2] Ward argues that the trial judge who granted the motion to dismiss for want of prosecution lacked authority to do so because he was not the judge assigned to the case. We are unpersuaded.

"It is well established that the burden is on the party alleging error to show it by the record, and there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." (Citations and punctuation omitted.) *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780 (2) (637 SE2d 158) (2006). Ward has not met her burden and cannot overcome the presumption of regularity. Although Ward cites to one previous order in the case signed by a different judge, Ward has failed to cite to anything in the record

---

[1] Ward also challenges the constitutionality of the automatic dismissal statutes, OCGA §§ 9-2-60 (b); 9-11-41 (e). Because this issue was not raised and ruled upon in the trial court, we will not consider it on appeal. See *Danforth v. Govt. Employees Ins. Co.*, 282 Ga. App. 421, 429 (7) (638 SE2d 852) (2006).

[2] USCR 3.3 provides:

The judge to whom any action is assigned shall have exclusive control of such action, except as provided in these rules, and no person shall change any assignment except by order of the judge affected and as provided in these rules. In this regard an assigned judge may transfer an assigned action to another judge with the latter's consent in which event the latter becomes the assigned judge.

reflecting which judge was actually assigned the case. Hence, Ward cannot show by the record that the trial judge who granted the motion to dismiss was not the judge assigned to the case, and so her claim of error necessarily fails.

Furthermore, even if Ward had shown that the trial judge who entered the dismissal order was not authorized to do so under USCR 3.3, she still would not have established reversible error. "Harm as well as error must be shown to authorize a reversal. . . ." (Citation and punctuation omitted.) *Carder v. Racine Enterprises*, 261 Ga. 142 (1) (401 SE2d 688) (1991). Ward has failed to present any argument or evidence as to how she was harmed by the alleged lack of compliance with USCR 3.3, "and having failed to make the requisite showing of harm in this case, reversal is not required." *Bleckley v. State*, 214 Ga. App. 860, 862 (7) (449 SE2d 351) (1994) (holding that noncompliance with USCR 3.3 is not grounds for reversal when there is no evidence of harm caused by the noncompliance).

2. Ward next contends the trial court erred in granting the motion to dismiss for want of prosecution because Swartz was in default and therefore was not entitled to bring the motion in the first instance. Pretermitting whether Swartz was in default, we conclude that Ward has waived the issue and cannot obtain reversal on that ground.

> The statutory right to judgment following default is not an indefeasible right, but may or may not be asserted, and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment. Acts which have been held to constitute waiver include: joining issue upon the pleadings, going to trial on the merits, or announcing ready for trial and introducing evidence on the merits.

(Citation and punctuation omitted.) *Hamm v. Willis*, 201 Ga. App. 723, 725-726 (3) (411 SE2d 771) (1991). Even though Ward claims that Swartz was in default for failing to file a timely answer to the complaint, Ward never raised the issue of default in the trial court. Moreover, Ward actively joined issue with Swartz over the motion to compel discovery and over the motion to dismiss, and in fact affirmatively moved to have the case put on the jury trial calendar after Swartz moved to dismiss. Under these circumstances, Ward waived any right she might have had to a default judgment, and the trial court did not err in allowing Swartz to pursue her motion to dismiss for want of prosecution. See *Shirley v. Ficarrotta*, 285 Ga. App. 169

(645 SE2d 667) (2007); *Hamm*, 201 Ga. App. at 725-726 (3); *Ewing v. Johnston*, 175 Ga. App. 760, 763-765 (1) (c) (334 SE2d 703) (1985).

3. Finally, Ward maintains that the trial court erred in granting the motion to dismiss for want of prosecution because the five-year automatic dismissal period had not yet elapsed. We disagree.

> Under both OCGA § 9-11-41 (e) and OCGA § 9-2-60 (b), any action in which no written order is taken for a period of five years shall automatically stand dismissed. The provisions of these Code sections are mandatory, and dismissal occurs by operation of law. The mandatory duty to obtain and file an order falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal. In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. No party can waive this requirement.

(Citations and punctuation omitted.) *Tate v. Dept. of Transp.*, 261 Ga. App. 192, 193 (582 SE2d 162) (2003). See also OCGA §§ 9-2-60 (b);[3] 9-11-41 (e).[4]

Here, the trial court entered no orders following the order denying the motion to compel discovery on November 22, 1999, until almost seven years later when the trial court entered its order dismissing the case for want of prosecution. Pursuant to OCGA §§ 9-2-60 (b) and 9-11-41 (e), the case therefore stood automatically dismissed upon the five-year statutory period having elapsed.

Nevertheless, Ward emphasizes that in 2002 and 2003, counsel for Swartz filed a total of three notices of leave of absence, which were granted by operation of law under USCR 16.1.[5] Ward argues that the

---

[3] OCGA § 9-2-60 (b) provides:
Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

[4] OCGA § 9-11-41 (e) provides:
Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

[5] USCR 16.1 provides in part:
An attorney of record shall be entitled to a leave of absence for thirty days or less from court appearance in pending matters which are neither on a published calendar for court appearance, nor noticed for a hearing during the requested time, by submitting to the clerk of the court at least thirty (30) calendar days prior to the effective date for the proposed leave, a written notice containing:

grant by operation of law of the leaves of absence met the requirement of a written order imposed by OCGA §§ 9-2-60 (b) and 9-11-41 (e). But, we have rejected this argument in prior cases, instead holding that "notices of leaves of absence . . . do not suffice; only a written, signed and entered judicial order specific to the case will suffice" to avoid application of the automatic dismissal statutes. *Tate*, 261 Ga. App. at 193. See also *Prosser v. Grant*, 224 Ga. App. 6, 7-8 (2) (479 SE2d 775) (1996); *West v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (1985).[6] Compare *Loftin v. Prudential Property & Cas. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989) (grant of leave of absence sufficed to avoid operation of the automatic dismissal statutes, when the grant was contained in a written, signed order entered on the records of the clerk). As such, the trial court committed no error in holding that the case stood dismissed.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 11, 2007.

*Michael B. King*, for appellant.

*Greer, Klosik, Daugherty, Swank & McCune, William L. Swank II, Alina A. Krivitsky, Shur, McDuffie & Morgan, Bryan M. Hausner*, for appellee.

---

(a) a list of the actions to be protected, including the action numbers;
(b) the reason for leave of absence; and
(c) the duration of the requested leave of absence.

A copy of the notice shall be sent, contemporaneously, to the judge before whom an action is pending and all opposing counsel. Unless opposing counsel files a written objection within ten (10) days with the clerk of the court, with a copy to the court and all counsel of record, or the court responds denying the leave, such leave will stand granted without entry of an order.

[6] Ward attempts to distinguish *Prosser, Loftin*, and *West* on the ground that those cases were decided before USCR 16.1 was amended in 1998 to allow for the grant of leaves of absence by operation of law without entry of a court order. We discern no reason, however, why the amendment to the rule should affect the separate statutory requirement that a written order be entered on the record in order to avoid application of the automatic dismissal statutes. Furthermore, *Tate* was decided in 2003, long after the amendment, but we nonetheless applied the same reasoning and test applied by this Court in *Prosser, Loftin*, and *West*.