### A08A1484. CLARK v. CLARK.
(667 SE2d 103)

BARNES, Chief Judge.

Vera Mae Clark appeals the Gwinnett County Probate Court's order dismissing her petition for year's support. Clark contends the probate court erred by applying the automatic dismissal provision of OCGA § 9-2-60 (b) to her petition. For the reasons below, we affirm.

The standard of review for a question of law on appeal is de novo. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Following the death of her husband, Vera Mae Clark filed a petition for year's support on November 16, 1979, in the Gwinnett County Probate Court. The court-appointed appraisers assessed her late husband's estate and determined that the widow was entitled to several parcels of real estate and shares in his corporation for the year's support. John Walter Clark, son of the decedent, and Johnnie Grace Dunagan Clark, ex-wife of the decedent, both filed caveats to Vera Mae Clark's petition for year's support, and the son also filed a petition for letters of administration, seeking to be appointed administrator of the estate. Vera Mae Clark then filed a caveat to John Walter Clark's petition for letters of administration on February 12, 1980. On February 15, 1980, the ex-wife served Vera Mae Clark with a notice to produce, and on March 21, 1980, Vera Mae Clark was deposed. Following that date, no other action was taken by any party concerning the petition of administration, the petition for year's support, or the caveats.

On February 10, 1986, a probate court judge sent letters to both John Walter Clark's and Johnnie Grace Dunagan Clark's attorneys notifying them that the matter was still pending and asking them to resolve it as soon as possible. John Walter Clark's attorney responded by letter that he had been unable to communicate with his client since late 1980 and, accordingly, withdrew from the matter. The court then dismissed John Walter Clark's petition for administration. On May 17, 2006, Vera Mae Clark submitted a proposed final

order to the court seeking approval of her petition for year's support. The court ordered a hearing to show why the petition should be granted, noting that the ex-wife was deceased, but it was continued after the parties filed a motion for court-ordered mediation. After the parties failed to resolve the issue in mediation, a hearing was scheduled for October 3, 2007. In September 2007, John Walter Clark moved the court to strike the case from the docket for failure to prosecute. Vera Mae Clark objected and sought a final order on her petition. Finding that the last order issued by the court regarding the petition for year's support was filed on November 28, 1979, which was the court's order directing the parties to show cause why the petition should not be granted, the probate court dismissed the petition pursuant to the automatic dismissal provision of OCGA § 9-2-60 (b). That provision reads "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff."

Vera Mae Clark appeals, contending the probate court erred by applying OCGA § 9-2-60 (b) to her petition for year's support. She argues that after the appraisers filed their return, her petition stood as a final order, and the failure of the court to sign it was merely a clerical error. However, nothing in the record supports her contention, and the authority she relies on is not relevant. Vera Mae Clark cites *Smith v. Smith*, 187 Ga. 743, 745 (2 SE2d 417) (1939) for the proposition that "[w]here no caveat to the application was filed, and citation had issued and been published as required by law, a court of equity would not set aside the judgment of the court of ordinary for irregularities." But Vera Mae Clark fails to recognize two key distinctions between that case and the case at bar. First, the record clearly shows that two caveats to the application were filed: one by her stepson and one by the decedent's ex-wife; second, the probate court never entered a judgment on the matter, as it remained open pending the caveats. The petition did not and could not stand as a final order of the court until the caveat matters were settled, which never occurred. Thus, the petition was not "in full force and effect, merely awaiting final signature," as Vera Mae Clark asserts.

Vera Mae Clark essentially argues that the court should apply OCGA § 9-2-60 (b) to the caveat filed by John Walter Clark and dismiss it, but not to her petition for year's support. In effect, this would nullify the caveat, allowing the petition to stand uncontested and become a final judgment of the court without Vera Mae Clark having to take any further action. However, there is no authority or precedent to support her position that the court should apply OCGA § 9-2-60 (b) to the caveat but not to the petition. Furthermore, it is well settled that

[u]nder both OCGA § 9-11-41 (e) and OCGA § 9-2-60 (b), any action in which no written order is taken for a period of five years shall automatically stand dismissed. The provisions of these Code sections are mandatory, and dismissal occurs by operation of law. The mandatory duty to obtain and file an order falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal. In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. No party can waive this requirement.

(Citations and punctuation omitted.) *Ward v. Swartz*, 285 Ga. App. 788, 791 (3) (648 SE2d 114) (2007); *Tate v. Dept. of Transp.*, 261 Ga. App. 192, 193 (582 SE2d 162) (2003).

Vera Mae Clark repeatedly argues that no further action was necessary on her part for the court to grant her petition, but the law is clear in that "[t]he five-year rule . . . is mandatory and places squarely upon the plaintiff the duty to comply with the law and to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record." *Prosser v. Grant*, 224 Ga. App. 6, 7 (2) (479 SE2d 775) (1996) (quoting *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387, 388 (308 SE2d 848) (1983)). Therefore, it was Vera Mae Clark's duty to obtain a written order from the court granting her petition, and when she failed to do so, the entire case, not just John Walter Clark's caveat, was automatically dismissed as a matter of law on November 28, 1984, five years after the last written order was filed on the petition for year's support.

Because the record shows that no written order of any kind was filed in this case for more than five years, the probate court did not err in dismissing the petition pursuant to OCGA § 9-2-60 (b). Accordingly, we need not reach the remaining enumerated errors.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 23, 2008 —
RECONSIDERATION DISMISSED AUGUST 15, 2008.

*Debra A. Rickles, Max Benkel*, for appellant.
*Don M. Jones*, for appellee.