A02A1297. METROPOLITAN DELUXE, INC. et al. v. BRADSHER.
(573 SE2d 504)

SMITH, Presiding Judge.

Metropolitan Deluxe, Inc. and Maddix Deluxe, Inc. (collectively "Metropolitan") appeal from the trial court's entry of a final order and default judgment against them in an action brought by Victoria Bradsher. Metropolitan contends the trial court erred in finding that it was in default, in finding that Bradsher had not waived any default, and in denying its motion to open the default. We find no error and affirm.

The record shows without dispute that Bradsher ordered several pieces of custom furniture and slipcovers from Metropolitan during the summer of 1997. Metropolitan agreed to store the furniture and slipcovers when the items arrived from the manufacturer until Bradsher completed the renovations on her home. The parties disagree as to whether Metropolitan had agreed to store the furniture for a limited time period or until the renovations to Bradsher's home were complete. The parties further do not agree as to whether Bradsher was in further communication with Metropolitan between September 1997, when the furniture arrived from the manufacturer and a representative of Metropolitan notified Bradsher, and March 1999, when an employee of Metropolitan again telephoned Bradsher and delivery was arranged. The parties do agree that when the furniture was delivered, some of the pieces were soiled, ripped, and/or scratched in several places, and one piece of furniture was the wrong size. Although Metropolitan offered to repair, replace, or otherwise correct all the defects, Bradsher sought rescission of the transaction and return of the purchase price. When Metropolitan refused, this action was filed.

The complaint was filed on June 23, 1999. Interrogatories were served by Bradsher on July 20, 1999. Metropolitan, through counsel, agreed to acknowledge service but mistakenly dated the acknowledgment June 7, 1999, instead of July 7, 1999, and Bradsher's counsel received permission from Metropolitan's counsel in a telephone conversation to correct the date to avoid a technical default. According to Bradsher's counsel, in the course of that conversation, the two opposing counsel reached agreement that either of them was authorized to

take extensions of time, with each authorized to sign the other's name to such an extension unless authority was withdrawn after adequate notice. When a paralegal employed by Metropolitan's counsel then telephoned Bradsher's counsel to confirm an extension of time to file Metropolitan's answer, Bradsher's counsel informed her that authority to sign such an extension already existed, so an extension would be authorized.

On August 16, 1999, Metropolitan filed its answer without ever filing a stipulation extending the time to answer or paying costs. Metropolitan answered the interrogatories on August 23, 1999. When no extension was filed with the court, Bradsher's counsel called to remind opposing counsel's paralegal that he had not volunteered to prepare the consent order extending time. He also sent a letter to this effect. In the letter, dated September 3, 1999, Bradsher's counsel also expressed dissatisfaction with the answers to the interrogatories, which were unsworn and, in Bradsher's counsel's opinion, unresponsive.

On September 20, 1999, Bradsher filed a motion to strike Metropolitan's answer and enter default judgment and, in the alternative, to compel adequate answers to the interrogatories. Metropolitan opposed the motions. Metropolitan also moved to dismiss the complaint and to open the default, assuming but not admitting that one existed. Metropolitan did not pay costs but instead included a proposed order directing Metropolitan to pay costs "if applicable." Bradsher opposed Metropolitan's motions. On November 13, 2000, the trial court denied them, finding that Metropolitan was in default and had not satisfied the requirements for opening the default.

Bradsher then requested a hearing on the unliquidated damages, and trial was set for February 5, 2001, to determine the amount to be awarded for attorney fees and expenses. On February 2, 2001, the parties entered into a stipulation regarding attorney fees and expenses, and the hearing was cancelled. Counsel for Metropolitan proposed a judgment form, which was sent back by counsel for Bradsher edited slightly to provide for the return of the furniture. Before the proposed order was submitted to the court, however, Metropolitan's counsel informed Bradsher's counsel that it had decided to try once again to open the default. On February 9, 2001, Metropolitan filed its second motion to open the default. That motion was opposed as well, and on July 12, 2001, the trial court denied it. A final order and default judgment was entered on August 21, 2001, and this appeal ensued.

1. Bradsher's motion to dismiss the appeal is denied.

2. Metropolitan contends the trial court erred in finding that it was in default because Bradsher's counsel had agreed to a ten-day extension of time for it to file an answer, and its answer was filed

before the end of that ten-day period. This enumeration depends upon the premise that it is undisputed that the parties agreed to a ten-day extension of time, which is not shown by the record. Moreover, OCGA § 9-11-6 (b) provides: "When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel *filed in the action*, may extend the period." (Emphasis supplied.)

When no answer is filed within the time required under the Civil Practice Act, the case automatically becomes in default by operation of law unless the time for filing an answer has been extended as provided by law. OCGA § 9-11-55 (a); *Roberson v. Gnann*, 235 Ga. App. 112, 113 (2) (508 SE2d 480) (1998). Therefore, to determine whether a valid extension exists, OCGA §§ 9-11-6 (b) and 9-11-55 (a) must be read together. *Roberson*, supra at 114 (2). An agreement between the parties is insufficient; it must also be formalized by filing it with the court. Id. This case automatically went into default on August 6, 1999. The default could have been opened as a matter of right by filing an answer and paying costs within 15 days. Id. But this was not done. Metropolitan filed its answer but did not pay costs. The trial court therefore did not err in finding that Metropolitan was in default.

3. Metropolitan also maintains the trial court erred in finding that Bradsher's counsel did not waive her right to a default judgment. It argues that by counsel's conduct, Bradsher waived this right, pointing specifically to her counsel's authorization of an extension, serving Metropolitan with discovery, seeking supplementation of discovery responses, and initiating a good faith conference under Uniform State Court Rule 6.4 (B).

A party may by his conduct waive a legal right but where the only evidence of an intention to waive is what a party does or forbears to do, there is no waiver unless his acts or omissions to act are so manifestly consistent with an intent to relinquish a then-known particular right or benefit that no other reasonable explanation of his conduct is possible.

(Citations omitted.) *MNM 5, Inc. v. Anderson/6438 Northeast Partners, Ltd.*, 215 Ga. App. 407, 410 (2) (451 SE2d 788) (1994).

That requirement is not met here. Bradsher's counsel did not agree to this specific extension, as discussed in Division 1. Further, Bradsher's counsel twice reminded Metropolitan that he had not volunteered to file the stipulation. The discovery in issue (the interrogatories) was filed on July 20, 1999, before the deadline for filing an answer. The efforts of Bradsher's counsel to obtain supplementation

occurred before September 3, 1999, which under OCGA §§ 9-11-12 (f) and 9-11-6 (e) was the last day on which Bradsher could file a motion to strike. When these actions were taken, Bradsher's counsel did not yet know whether Metropolitan would successfully open the default. For that reason, his actions are not "so manifestly consistent with an intent to relinquish" the right to file a motion to strike the answer and take a default judgment.

4. Metropolitan's final contention is that the trial court erred in denying its motions to open the default. Under OCGA § 9-11-55 (b), a trial court has discretion to allow the opening of a prejudgment default on one of three grounds if costs are paid and four conditions are met. *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 644 (440 SE2d 214) (1993). "Compliance with the four conditions is a condition precedent and once met the question of whether to open the default on one of the three grounds rests within the sound discretion of the trial court. [Cit.]" *Anderson v. Flake*, 270 Ga. 141, 143 (2) (508 SE2d 650) (1998). A prejudgment default may be opened upon the grounds of providential cause preventing the filing of required pleadings, excusable neglect, or when the court determines from all the facts that a "proper case" has been made. OCGA § 9-11-55 (b). But to open the default, the defendant must pay costs and must meet the four conditions precedent: a showing made under oath, an offer to plead instanter, an announcement of ready to proceed with trial, and setting up a meritorious defense. Id.; *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997). This court has held that the meritorious defense must be shown under oath. Id.

Metropolitan did not pay costs with its first motion to open the default. Although it did pay costs with its second motion, it did not satisfy any of the grounds for opening the default. No providential cause was shown for failure to file an answer in time, and the neglect was certainly not excusable, given that Bradsher's counsel had twice reminded Metropolitan that it was not volunteering to file the stipulation. The trial court apparently did not determine that a "proper case" had been made to open the default, which was within the court's discretion. We therefore need not consider the four conditions precedent, although we note that a meritorious defense was not set forth under oath. The trial court did not err in denying Metropolitan's motions to open the default.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED NOVEMBER 4, 2002.

*Milton D. Rowan*, for appellants.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Robert G. Brazier,* for appellee.