A10A1613. CUYLER v. CAPITAL ONE BANK (USA), N.A.
(698 SE2d 14)

ELLINGTON, Judge.
Matthew Cuyler appeals from the trial court's denial of his motion for judgment notwithstanding the verdict ("jnov") or for a new trial, which affirmed the court's judgment in favor of Capital One Bank (USA), N.A., on the bank's suit on an account and a counterclaim filed by Cuyler. He contends that the trial court erred in ruling in favor of the bank on its complaint, directing a verdict in favor of the bank on his fraud counterclaim, engaging in ex parte

---

[7] Supra.
[8] (Footnote omitted.) Id. at 826 (3).
[9] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006).

communications with the bank's attorney, failing to timely rule on his motions, utilizing a misleading jury verdict form, and allowing the bank to file a separate garnishment action. For the following reasons, we affirm.

The record shows that, on April 15, 2008, the bank filed a suit on a credit card account, claiming that Cuyler owed the bank $835.22 in principal, plus interest and other fees. Cuyler responded to the complaint and asserted a counterclaim.[1] During the jury trial, Cuyler did not dispute the amount of his debt or his liability to the bank on the credit card account, nor did he present any evidence to support his counterclaim for fraud. The trial court entered a directed verdict in favor of the bank on its complaint and on Cuyler's fraud counterclaim, but submitted Cuyler's remaining counterclaim for breach of contract to the jury. The jury found in favor of the bank on the counterclaim, and the court entered a final judgment on October 9, 2009. Cuyler filed a motion for jnov or, in the alternative, a motion for new trial,[2] which the court denied on December 22, 2009. This appeal followed.

1. Cuyler contends that the trial court erred in entering judgment in favor of the bank on its complaint and on his counterclaim. As noted above, Cuyler has failed to include in the record on appeal a copy of his counterclaim, nor has he included a copy of the transcript of the jury trial or the transcript of any hearing.

> In order for an appellate court to make a determination about the correctness of a judgment at issue, it is the appellant's duty to include in the record on appeal the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment. . . . In the absence of the relevant information, and there being a presumption in favor of the regularity of court proceedings, it must be assumed that the trial court's findings are supported by sufficient competent evidence and its judgment is thus affirmed.

(Citations omitted.) *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999). See *Tullis Developments v. 3M Constr.*, 282 Ga. App. 335, 339 (638 SE2d 787) (2006) (in the absence of a transcript or a reasonable substitute therefor, we accept the lower court's factual

---

[1] Because Cuyler's Amended Notice of Appeal directed the superior court clerk to include only the "title page" of his answer and counterclaim in the record on appeal, his counterclaim is not in the record for our review.

[2] Pursuant to Cuyler's Amended Notice of Appeal, this motion is not in the record on appeal.

findings).

Accordingly, this alleged error presents no basis to reverse the trial court's judgment.

2. Cuyler contends that the trial court erred in engaging in ex parte communications with the bank's attorney and in assisting the attorney during the trial. This alleged error must fail for the same reasons as in Division 1, supra. In addition, Cuyler has failed to support this alleged error with argument or citations to authority in his brief, as required by Court of Appeals Rule 25 (c) (2). Therefore, this alleged error is deemed abandoned.

3. Cuyler argues that the trial court misled and confused the jury when it gave them a verdict form which identified Cuyler as the "Plaintiff" and the bank as the "Defendant," because the bank was the plaintiff in the original complaint. As noted above, the trial court ruled in favor of the bank on its complaint and on Cuyler's counterclaim for fraud, so the only claim that was submitted to the jury for its verdict was Cuyler's counterclaim for breach of contract. As the plaintiff on his counterclaim, Cuyler had the burden of proving his claim, and he attempted to meet that burden by presenting evidence at trial. The verdict form submitted to the jury clearly identified Cuyler as the "Plaintiff" and the bank as the "Defendant," and it provided a place for the jury to "find in favor of the plaintiff and against the defendant in the sum of $_____ *on his claim for breach of contract*," or, in the alternative, to "find in favor of the defendant." (Emphasis supplied.) The jury returned a verdict in favor of the defendant.

Under these circumstances, and without a trial transcript to review for error or to confirm that this alleged error was even preserved, we conclude that Cuyler has failed to demonstrate reversible error based on a misleading or confusing jury verdict form.

4. Cuyler contends that the trial court erred when it failed to rule on his motions and objections prior to trial. Because the record on appeal does not include copies of such motions or objections, there is nothing for this Court to review. Moreover, Cuyler abandoned this alleged error by failing to support it with argument or citation to authority in his brief. Court of Appeals Rule 25 (c) (2).

5. Cuyler argues that the trial court violated his constitutional rights by allowing the bank to file a garnishment action based on the judgment while his motion for jnov was still pending. Cuyler has failed to show that this argument was raised or ruled upon below. Further, he abandoned this alleged error by failing to support it with argument or citation to authority in his brief. Court of Appeals Rule 25 (c) (2).

6. Cuyler's motion for sanctions against the bank is denied.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JUNE 11, 2010 —
RECONSIDERATION DENIED JUNE 30, 2010.

Matthew Cuyler, *pro se.*
*Dennis E. Henry*, for appellee.