### A11A0465. STRICKLAND v. LEAKE.
(715 SE2d 676)

ADAMS, Judge.

Gene Strickland, d/b/a Ace Home Inspectors, appeals the entry of a default judgment in favor of Toni Leake. For the reasons set forth below, we reverse the default judgment entered against him in the amount of $15,000.

On September 8, 2008, Toni Leake filed a summons and pro se small claims complaint naming both Bob Jacobazzi, d/b/a Home Systems Inspections, and Gene Strickland, d/b/a Ace Home Inspectors, as defendants. In the body of the complaint form, Leake named only Jacobazzi as the defendant but listed two separate addresses, the first of which is reflected on the summons for Jacobazzi and the second of which is the address listed for Strickland on a later summons. Leake's handwritten statement of claim on the back of the form alleges that both Jacobazzi and Strickland conducted an inspection of a house Leake planned to purchase, and the resulting report (apparently prepared by Jacobazzi) failed to disclose that the wiring in the house was dangerous and not properly grounded. The summons filed with that complaint lists only Jacobazzi and reflects that he was personally served on September 12, 2008.

Jacobazzi filed a response on September 15, 2008, but the trial court subsequently issued a judgment against him in the amount of $15,000 after he apparently failed to appear at the scheduled trial. Jacobazzi immediately moved to set aside the judgment on the ground that he received no notice of the scheduled trial date, and the

trial court later granted the motion.

It appears that Leake filed an exact duplicate of the original complaint along with a summons for both Jacobazzi and Strickland on December 12, 2008. That copy was filed under the same case number as the original complaint. The summons reflects that Strickland was served on December 17, 2008 by leaving a copy of the summons and complaint at his residence. Strickland did not respond to this complaint, and the trial court issued a writ of fieri facias ("fi. fa.") reflecting a $15,000 judgment against him on February 3, 2009. Strickland subsequently moved to set aside that "judgment" asserting that the trial court lacked jurisdiction over him because Leake failed to file a motion to add him as a party to the original suit pursuant to OCGA § 9-11-21.[1] The trial court found that Leake's December 12, 2008 filing was an amendment to name Strickland as a party and that Leake should have filed a motion to obtain leave of court to add a defendant. The trial court concluded, however, that Strickland waived this argument because he failed to raise it in a timely fashion after being properly served with the complaint, and the court denied the motion to set aside. Strickland appealed the denial of his motion to this Court, but because he failed to follow the proper procedure for discretionary review, his appeal was dismissed on March 24, 2010.

Strickland subsequently filed a motion for an order declaring the February 3, 2009 fi. fa. to be null and void and to dismiss the complaint on the ground that the trial court never issued a default judgment against him, but instead simply issued the fi. fa. Following a hearing, the trial court issued an order on June 7, 2010, concluding that Strickland was estopped from denying the existence of the judgment because of his prior in judicio admissions in his motion to set aside the $15,000 "judgment" entered against him. The trial court further found that Strickland was estopped by these admissions from requesting a hearing on the amount of Leake's damages. Nevertheless, the court found that the February 3, 2009 fi. fa. was issued in error and was thus null and void because no judgment had been entered, and the order directed the clerk to cancel the fi. fa. as of record.[2] The trial court then entered judgment against Strickland in the amount of $15,000, plus court costs.

Strickland appealed the June 7, 2010 order on June 22, 2010, but

---

[1] The Municipal Court of Columbus is a court of record in this State, and as such, the provisions of the Georgia Civil Practice Act, OCGA § 9-11-1 et seq., generally apply to its proceedings. *Lee v. G. A. C. Finance Corp.*, 130 Ga. App. 44, 45 (1), (2) (202 SE2d 221) (1973).

[2] Accordingly, we need not address Strickland's enumeration of error regarding the denial of his motion to set aside a supposed February 3, 2009 default judgment, as no such judgment was ever issued and the trial court declared the fi. fa. of that date to be null and void.

this Court determined that the June 7 order was not final because Jacobazzi remained a nominal party, and thus the appeal was dismissed on the ground that Strickland failed to follow the proper procedure for interlocutory appellate review. Following the remand of the case from this Court to the trial court, Strickland filed a motion to reconsider the default judgment on August 12, 2010, but the record contains no ruling on the merits of that motion. Subsequently, on September 14, 2010, the trial court issued an order finding that Leake had orally dismissed her claims against Jacobazzi at a hearing on April 9, 2009, although no written order of dismissal was entered at that time. The trial court's September 14, 2010 order formally dismissed the claims against Jacobazzi. Accordingly, with the entry of that order, the June 7, 2010 order became a de facto final judgment, and Strickland filed this appeal on October 7, 2010.

Under the circumstances of this case, we review the trial court's entry of the default judgment for an abuse of discretion. *Heath v. Beech*, 300 Ga. App. 756 (1) (686 SE2d 283) (2009). Compare *GMC Group v. Harsco Corp.*, 304 Ga. App. 182 (695 SE2d 702) (2010) (where only issue on appeal from default judgment was an issue of law, the appellate court conducts a de novo review and applies a "plain legal error" standard of review).

1. Strickland asserts that the trial court erred in entering the June 7, 2010 default judgment because Strickland was never a party to the case due to Leake's failure to file a motion to add him as a party as required under OCGA § 9-11-21. In addition, he contends that he was not in default because even if the amendment was sufficient to add him as a party defendant, he would not be required to file an answer unless ordered to do so by the court. Rather, he asserts that the allegations in Leake's complaint stood denied as a matter of law. The trial court found that Strickland had waived any argument under OCGA § 9-11-21 because he failed to raise it in a timely fashion. But even if Strickland had properly preserved the argument, we find it to be without merit.

The caption of Leake's complaint, first filed September 8, 2008, named both Jacobazzi and Strickland as defendants, and even though only Jacobazzi was identified by name as a defendant in the body of the complaint form, the addresses of both Jacobazzi and Strickland were listed there. Moreover, the handwritten statement of complaint contained allegations concerning both Jacobazzi and Strickland. Nevertheless, the clerk issued a summons only for Jacobazzi as of the date of the original complaint.

Under OCGA § 9-11-4 (a), the clerk of the municipal court was required to issue a summons at the time the complaint was filed, but under OCGA § 9-11-4 (e), the plaintiff is required to furnish the clerk of the court "with such copies [of the summons and complaint] as are

necessary." Here either Leake and/or the clerk failed to include Strickland's name on the summons issued in September 2008, but that omission does not render the filing of the action against him defective. Cf. *Flateau v. Reinhardt, Whitley & Wilmot*, 220 Ga. App. 188, 192 (3) (c) (469 SE2d 222) (1996) (fact that the court did not issue a summons requiring the defendant's appearance at a hearing does not render the petition for writ of possession defective). OCGA § 9-11-4 (a) provides that upon request, a plaintiff may obtain separate or additional summons against any defendants. Leake obtained a summons against Strickland three months later on December 12, 2008 when she filed a duplicate of the complaint, and service was effected upon Strickland five days later. Thus, the new summons may have perfected the filing of Leake's action against Strickland and allowed for him to be served, but the absence of a summons for Strickland at the time of the original filing does not change the fact that he was named as a defendant in the original suit.[3]

Under these circumstances, even if the filing of a duplicate complaint could be considered an amendment, it was not an amendment adding Strickland as a party to the lawsuit because he was named a defendant in the original filing. At most, the December 12 filing was a vehicle for obtaining a summons for Strickland. Thus, the trial court erred in concluding that this filing was an amendment to add a new party requiring Leake to file a motion under OCGA § 9-11-21.

And although service on Strickland should have been effected within five days of filing the original complaint under OCGA § 9-11-4 (c), the statute explicitly states that "failure to make service within the five-day period will not invalidate a later service." Indeed, this five-day requirement generally only becomes relevant "in cases where service is completed outside the applicable statute of limitation." (Citation omitted.) *Dyer v. Paffenroth*, 197 Ga. App. 888, 890 (1) (399 SE2d 710) (1990). No statute of limitation issue has been raised in this case, and the trial court found that personal service was perfected upon Strickland on December 17, 2008. Accordingly, the trial court had jurisdiction over Strickland, and he was required under OCGA § 9-11-12 (a) to file an answer to Leake's complaint within 30 days. Because he failed to do so, Strickland was in default.

2. Strickland argues, however, that the trial court erred in

---

[3] Even if the failure to prepare a summons for Strickland at the time of the original complaint could be considered a defect in service or in process, Strickland waived any such claim by failing to raise it in a timely fashion at the time his responsive pleadings were due. See OCGA § 9-11-12 (a), (b), (h) (1). See also *White v. Johnson*, 151 Ga. App. 345, 347-348 (1) (259 SE2d 731) (1979).

entering a default judgment in the amount of $15,000 without holding an evidentiary hearing because Leake's damages were unliquidated, and she was required to prove the amount of her damages.

Under OCGA § 9-11-55 (a), to obtain a default judgment where the claim is "one ex delicto or involves unliquidated damages, . . . the plaintiff shall be required to introduce evidence and establish the amount of damages." Leake asserts that Jacobazzi and Strickland failed to reveal the electrical problems in her house following their inspection. It is unclear whether she was asserting a claim for breach of contract or negligence, but it is apparent that her damages are unliquidated. And other than her prayer in her complaint for $15,000 plus interest, Leake has made no showing of the amount of her damages.

> [Leake's] failure to prove [her] damages constitutes a non-amendable defect within the meaning of OCGA § 9-11-60 (d) (3). If an action involves unliquidated damages, then the court may not enter a default judgment for the plaintiff unless the plaintiff introduces evidence and establishes the amount of damages. OCGA § 9-11-55 (a); [cits.].

(Footnote omitted.) *GMC Group v. Harsco Corp.*, 304 Ga. App. at 183-184 (2). See also *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26-28 (2) (351 SE2d 218) (1986).[4]

Accordingly, we reverse the trial court's entry of a default judgment in the amount of $15,000 against Strickland.

*Judgment reversed. Barnes, P. J., concurs. Blackwell, J., concurs in judgment only.*

## ON MOTION FOR RECONSIDERATION.

Appellant Gene Strickland argues on motion for reconsideration that this Court incorrectly found that he was a named defendant in the original small claims complaint filed September 8, 2008. In making this argument, Strickland suggests that the trial court erred

---

[4] Contrary to the trial court's conclusion, Strickland's efforts to set aside the nonexistent February 3, 2009 judgment in the amount of $15,000 do not constitute an in judicio admission as to the amount of Leake's damages. Strickland may have concluded that the trial court had entered a $15,000 judgment against him in light of the fact that it issued a fi. fa. in that amount, but conclusions in pleadings or other filings do not constitute admissions in judicio. *McReynolds v. Krebs*, 307 Ga. App. 330, 335 (2) (705 SE2d 214) (2010). Moreover, even if Strickland's filings could be construed as an admission that a $15,000 judgment had been entered against him on February 3, 2009, that does not constitute a further admission that $15,000 was a proper measure of Leake's damages.

in compiling the appellate record and provided this Court with the wrong copy of the original complaint. He has also filed a motion to supplement the record with the complaints filed on September 8, 2008 and December 12, 2008, as well as an October 2, 2008 docket call listing Jacobazzi as defendant.

But the appellate record furnished by the trial court already contains a copy of a small claims complaint filed by Toni Leake, pro se, with a date stamp indicating that it was filed September 8, 2008. That complaint, as noted in our opinion, lists Strickland in the heading as a defendant and lists his address in the body of the complaint; although it does not list him as a defendant in the form portion of the body, the reverse side contains handwritten allegations regarding Strickland. The summons served on Jacobazzi is also dated September 8, 2008. The record additionally contains what appears to be an identical copy of that complaint with a date stamp indicating a filing date of December 12, 2008. Therefore, it appears that the December 12 complaint, which is not designated as an amendment, contained no allegations, against Strickland or otherwise, that were not already asserted in the September 8 complaint. The only thing amended and designated as "amended" was the summons, which apparently was altered by Leake in order to obtain service on Strickland. No other complaints are contained in the record. We note that appellant's notice of appeal directed the clerk of the superior court to "omit nothing from the record on appeal" and the record before us has been certified to be a "true and correct copy of the original proceeding as the same appears from the records and minutes of said court" in this case. See OCGA § 5-6-43 (a) ("it shall be the duty of the clerk of the trial court to prepare a complete copy of the entire record of the case, omitting only those things designated for omission by the appellant and which were not designated for inclusion by the appellee"). Accordingly, we must assume that the record before us represents an accurate copy of the record below, unless shown otherwise.

To the extent that the record is somehow incorrect, we note that Strickland, as appellant, bore the burden of ensuring an accurate and complete record on appeal. "In order for an appellate court to make a determination about the correctness of a judgment at issue, it is the appellant's duty to include in the record on appeal the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment." (Citations omitted.) *Cuyler v. Capital One Bank (USA)*, 304 Ga. App. 687, 688 (1) (698 SE2d 14) (2010). Here, Strickland waited until after this Court issued its opinion to move to supplement the record and provided no evidence or documentation to overcome the trial court clerk's certification that the record was accurate. This is not a case where

something was omitted from the record; rather, Strickland is suggesting that the date-stamped copy of the September 8 complaint is not an accurate copy of the complaint actually filed by Leake that day. Although generally this Court will not consider anything outside the record in issuing a decision on the merits of an appeal, Strickland bore the burden on his motion of demonstrating that the record is inaccurate. Strickland failed, however, to provide either a copy of the complaint he contends was filed by Leake on September 8 or any other proof to support his motion.

Because the record already contains complaints with date stamps showing they were filed on September 8 and December 12, 2008, and we have no evidence to suggest that these are not accurate copies of these filings, we deny Strickland's motion to supplement the record. And even though Strickland notes that the parties and the courts have previously referred to the December 12 filing as an amendment, or even an amendment to add a party, those references do not alter the fact that Strickland was named as party in the September complaint and it appears that no changes or additions were made to the complaint re-filed on December 12 and served on Strickland on December 17, 2008. Accordingly, we deny Strickland's motion for reconsideration.

*Motion for reconsideration denied.*

DECIDED JUNE 24, 2011 —
RECONSIDERATION DENIED JULY 29, 2011.

*F. Houser Pugh*, for appellant.
*William J. Mason*, for appellee.