A11A2367, A11A2368. LAUREL BAYE HEALTHCARE OF MACON, LLC v. NEUBAUER et al.; and vice versa.
(726 SE2d 670)

MILLER, Judge.

Plaintiff/appellee/cross-appellant Brandy W. Neubauer, individually and next of kin, and as executor of the estate of Patricia Lowe (collectively, "Neubauer"), filed a medical malpractice lawsuit against Laurel Baye Healthcare of Macon, LLC ("Laurel Baye") for the alleged wrongful death of Lowe. Laurel Baye filed an untimely answer. Over a year and a half later, and after engaging in various discovery efforts, Neubauer moved for default judgment against Laurel Baye. Laurel Baye responded, contending that Neubauer had waived her right to a default judgment. Laurel Baye also filed a motion to open default and paid costs. The trial court rejected Laurel Baye's waiver argument, denied Laurel Baye's motion to open default, and entered default judgment against Laurel Baye.

---

In Case No. A11A2367, Laurel Baye appeals the trial court's order, contending the trial court erred in finding that Neubauer did not waive her right to a default judgment, or in the alternative, in denying Laurel Baye's motion to open default. In Case No. A11A2368, Neubauer maintains that the trial court properly granted her motion for default judgment, but nevertheless cross-appeals from the trial court's ruling insofar as it found that Laurel Baye timely paid its costs as was required to open default. With respect to Case No. A11A2367, we conclude that Neubauer waived her right to default and therefore reverse the trial court's entry of default judgment against Laurel Baye and remand the case for further proceedings. With respect to Case No. A11A2368, we dismiss Neubauer's cross-appeal in light of our disposition in Case No. A11A2367.

We review the trial court's entry of default judgment for an abuse of discretion. See *Strickland v. Leake*, 311 Ga. App. 298, 300 (715 SE2d 676) (2011) (physical precedent only). "Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. When the issue is a question of law, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation, punctuation and footnote omitted.) *Smith v. Carter*, 305 Ga. App. 479, 481 (2) (699 SE2d 796) (2010).

The record reflects that on April 2, 2009, Neubauer filed her medical malpractice lawsuit against Laurel Baye and two other defendants. Laurel Baye was served through its registered agents on both April 15, 2009, and April 17, 2009. On May 15, 2009, Laurel Baye and Neubauer jointly filed a consent stipulation extending the time for Laurel Baye to file its answer through and including June 1, 2009. Laurel Baye did not file its answer until June 29, 2009. Neubauer filed a motion for default judgment on January 7, 2011. Laurel Baye responded on February 14, 2011, contending that Neubauer was not entitled to default judgment because she had waived her right to seek one. On February 17, 2011, Laurel Baye filed a motion to open default, and approximately one week later, Laurel Baye paid costs required to open default. Following oral argument from the parties on their respective motions, the trial court granted Neubauer's motion for default judgment and denied Laurel Baye's motion to open default. The trial court specifically found that Laurel Baye was in default, that Neubauer did not waive her right to seek a default judgment, and that, with the exception of paying costs, Laurel Baye failed to meet all of the conditions precedent required to open default. The trial court issued a certificate of immediate review, and this Court granted Laurel Baye's application for interlocutory appeal.

## Case No. A11A2367

1. Laurel Baye argues on appeal that Neubauer implicitly waived her right to default judgment, and that the trial court erred by finding otherwise. We agree.

> The statutory right to judgment following default is not an indefeasible right, but may or may not be asserted, and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment.

(Citations and punctuation omitted.) *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1) (334 SE2d 703) (1985).[1] We have held that a plaintiff waived his right to seek a default judgment where the following indicia of waiver were present: allowing the defaulting party to plead, extending the time to plead, joining issue upon the pleadings, going to trial on the merits, announcing ready for trial and introducing evidence on the merits, and failing to move for a default judgment or otherwise raise any issue of default before the appeal. Id. at 763-765 (1); see also *Ward v. Swartz*, 285 Ga. App. 788, 790 (2) (648 SE2d 114) (2007) (concluding that the plaintiff waived any right she had to default judgment where she actively joined issue with the defendant's motions to compel discovery and to dismiss, affirmatively moved to have the case put on the jury trial calendar after the defendant moved to dismiss, and otherwise failed to ever raise the issue of default in the trial court); *Laviano v. Travelers Ins. Co.*, 276 Ga. App. 611, 613 (624 SE2d 189) (2005) (holding that the plaintiff waived his right to default judgment by joining issue upon the pleadings, going to trial on the merits, announcing ready for trial, and introducing evidence on the merits). More recently, in *Davis v. Wallace*, 310 Ga. App. 340, 344 (1) (713 SE2d 446) (2011), this Court held that the plaintiff waived his right to a default judgment by conducting discovery, responding to motions with evidence in support of the merits of his case, announcing ready and requesting that the case be put on the trial calendar, and failing to move for default judgment before summary judgment was granted to the defendants. The plaintiff's actions in *Davis* "were sufficient to constitute an

---

[1] We also note that "[w]henever possible cases should be decided on their merits for default judgment is not favored in law." (Citations and punctuation omitted.) *Ewing*, supra, 175 Ga. App. at 764 (1).

implied waiver of default; [the plaintiff] waited until the case had effectively been litigated before seeking a default judgment." (Punctuation omitted.) Id.

Here, we likewise conclude that Neubauer's actions in this case were sufficient to constitute an implied waiver of her right to default judgment. The record shows that Laurel Baye was served with the lawsuit on April 15, 2009, and thus, Laurel Baye's answer was originally due May 15, 2009. See OCGA § 9-11-12 (a) ("A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him[.]") (punctuation omitted). Instead of filing an answer on May 15, 2009, however, Laurel Baye and Neubauer jointly filed a consent stipulation extending the time for filing Laurel Baye's answer through and including June 1, 2009. See OCGA § 9-11-6 (b) (procedures for extensions of time). Laurel Baye nevertheless failed to file an answer or other responsive pleading by June 1, 2009; thus, the case automatically became in default by operation of law. See OCGA § 9-11-55 (a); see also *Metropolitan Deluxe, Inc. v. Bradsher*, 258 Ga. App. 265, 267 (2) (573 SE2d 504) (2002); *Roberson v. Gnann*, 235 Ga. App. 112, 114 (2) (508 SE2d 480) (1998). Although Laurel Baye could have opened default as a matter of right by filing an answer and paying costs within 15 days,[2] this was not done. See *Bradsher*, supra, 258 Ga. App. at 267 (2). Rather, Laurel Baye did not file its answer until June 29, 2009, and did not pay costs until February 2011.

Notwithstanding Laurel Baye's untimely answer and failure to open default as a matter of right, however, it was not until over a year and a half later, on January 7, 2011, that Neubauer finally filed a motion for default judgment.[3] Contra *Roberson*, supra, 235 Ga. App. at 113, 115 (3) (concluding plaintiff did not waive his right to assert motion for default judgment where even though the plaintiff consistently gave the defendant an opportunity to file his answer before

---

[2] See OCGA § 9-11-55 (a) ("The default may be opened as a matter of right by the filing of [the answer] within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default[.]") (punctuation omitted).

[3] Neubauer asserts that she had earlier raised the issue of default in a February 18, 2010, letter to Laurel Baye. This letter pertinently stated, "As Laurel Baye was served on April 23, 2009, the answer to the Complaint was due on May 22, 2009. We are in receipt of Laurel Baye Health Care's Answer to our Complaint dated June 26, 2009." We fail to see how this letter raised the issue of default. Notably, the record reflects that Neubauer's letter was inaccurate not only with respect to the date of service of the complaint, but also with respect to the parties' stipulated due date of Laurel Baye's answer. Moreover, beyond the above-cited language, the letter otherwise served as Neubauer's good faith effort to obtain Laurel Baye's discovery responses, as she was required to do under Uniform Superior Court Rule 6.4 (B) before filing a motion to compel.

seeking default judgment, the plaintiff still ultimately moved for default judgment before the defendant filed his untimely answer). Moreover, with the exception of Neubauer's initial discovery requests to Laurel Baye, all of her subsequent discovery actions were taken after she already knew that Laurel Baye could no longer successfully open default as a matter of right and had not filed a motion to open default. Contra *Bradsher*, supra, 258 Ga. App. at 267-268 (3) (upholding trial court's finding that plaintiff did not waive her right to default judgment where her efforts to obtain discovery supplementation were taken before she knew whether the defendant would successfully open the default). Notably, on February 18, 2010, Neubauer initiated her good faith efforts to obtain Laurel Baye's discovery responses, and on April 15, 2010, she moved to compel its responses. Later in April 2010, and again in July 2010, Neubauer joined Laurel Baye and the other named defendants in filing motions to extend the time in which to complete discovery. In this regard, Neubauer's actions in pursuing the lawsuit were entirely inconsistent with an intent to raise or rely upon a default judgment.

Thus, by allowing Laurel Baye to file its untimely answer and then waiting over a year and a half before moving for, or otherwise raising, the issue of default, while in the meantime engaging in efforts to compel discovery responses and joining with Laurel Baye in filing motions to extend the completion of discovery, Neubauer waived her right to seek a default judgment. We therefore reverse the trial court's entry of a default judgment against Laurel Baye and remand this case for further proceedings.[4]

### Case No. A11A2368

2. Neubauer's cross-appeal challenges the trial court's finding that Laurel Baye timely paid costs as one of the conditions precedent to opening default under OCGA § 9-11-55 (b). In light of our disposition in Case No. A11A2367, however, Neubauer's cross-appeal is rendered moot. Accordingly, Case No. A11A2368 is hereby dismissed.

*Judgment reversed and case remanded in Case No. A11A2367. Appeal dismissed in Case No. A11A2368. Mikell, P. J., and Boggs, J., concur.*

---

[4] In light of our resolution of the waiver issue, we need not address Laurel Baye's alternative enumeration of error challenging the denial of its motion to open default.

DECIDED MARCH 26, 2012 —
RECONSIDERATION DENIED APRIL 11, 2012 — 

*Pierce & Dunkelberger, J. Wayne Pierce,* for appellant.
*Reynolds, Horne & Survant, W. Carl Reynolds, Bradley J. Survant, Hall, Booth, Smith & Slover, W. Brent Hyde, Charles A. Dorminy,* for appellees.