**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 30, 2016**

# In the Court of Appeals of Georgia

A16A1948. IN RE ESTATE OF: JAMES LYNN HILL.          BO-071

BOGGS, Judge.

James David Hill appeals from a superior court order granting summary judgment in favor of Erica Paul, the executrix of the estate of James Lynn Hill, on the issue of whether Hill's untimely caveat to the will in probate court should be dismissed. On appeal, Hill contends that the superior court erred by rejecting his claim that the executrix waived her right to assert default as a ground to dismiss his caveat. For the reasons explained below, we agree and reverse.

The record shows that after Paul filed a petition to probate the will of James L. Hill,[1] a notice was sent to his son James David Hill by certified mail informing him of the deadline to object to the petition. Hill subsequently filed an objection or caveat

---

[1] This petition was filed by an attorney that also witnessed the will.

to the petition alleging that his father's will had been executed "under duress and under the undue influence of . . . Paul who befriended James L. Hill with the specific intent to receive his estate." He also asserted that his father was not of sound mind at the time he signed and executed the will. Hill admits that his objection was filed over one month late. Nowhere in the objection did Hill raise a defense based upon improper service.

Immediately after Hill objected, Paul retained different counsel. Five months later, in April 2015, Paul's counsel filed a notice to take Hill's deposition. After Hill's counsel withdrew, a status conference was scheduled, at the request of Paul, for July 2015. On the day of the status conference, one of Hill's current attorneys entered an appearance on his behalf. The probate court scheduled the case for a trial to be held on October 26, 2015.

On September 22, 2015, a second, local attorney entered an appearance on behalf of Hill. On September 30, 2015, Hill served requests for production of documents to six different non-parties and a notice of deposition for the attorney that witnessed the will. On the same day, Hill requested a 30-day continuance because the non-party discovery would not be due before the scheduled trial date and receipt of the discovery was necessary before scheduling Paul's deposition.

On October 5, 2015, Paul took Hill's deposition. The majority of the deposition was devoted to exploring Hill's allegations of undue influence and mental incompetence. At one point in his deposition, he verified that he received a copy of the petition to probate his father's will by certified mail on September 15, 2014 and that he had signed a return receipt for it.

On October 13, 2015, Paul's counsel wrote a letter to the probate judge objecting to the request for a continuance. While this letter acknowledged counsel's awareness that Hill's caveat was untimely, counsel did not move to dismiss Hill's caveat. Instead, counsel opposed the motion for continuance stating, "there is no reason why a caveat to a will cannot be prepared and tried within 13 months after issuance of Letters Testamentary."

On October 21, 2015, the probate court rescheduled the trial for November 11, 2015. Hill filed a second motion for continuance based upon his duties as a lieutenant commander in the Navy working as an aviation preflight indoctrination director at a naval training base in Pensacola, Florida. Hill explained that the Navy denied his prompt request for leave to attend the hearing and included a notarized statement to that effect from his commanding officer. The probate court impliedly granted the

3

second request for a continuance by scheduling the trial for a later date - - December 18, 2015.

On December 10, 2015, counsel attended an "'emergency status conference'" in the probate judge's chambers, during which Paul's counsel made an oral motion to dismiss the caveat because it had been filed one month late. The following day, the probate judge issued an order granting the motion. On January 8, 2016, Hill filed a notice of de novo appeal to superior court. See OCGA § 5-3-29.

Paul moved for summary judgment based upon Hill's failure to file a timely caveat. In a written order granting Paul's summary judgment motion, the superior court concluded, "After careful consideration of the Briefs of Authority as well as oral argument particularly concerning the issue of estoppel raised by [Hill], this Court finds that there is no triable issues of fact and as a matter of law Summary Judgment should be **GRANTED**." Hill then filed a timely notice of appeal to this court. See OCGA §5-6-34 (a) (9) (direct appeal for "orders sustaining motions to dismiss a caveat to the probate of a will.").

> On appeal from the decision of a probate court, the superior court conducts a de novo investigation of the probate court's proceedings, and in doing so, will consider the records from the probate court, as well as other competent evidence which may not have been presented to the

4

probate court. It is not the province of the superior court on such an appeal to review and affirm, but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.

(Citations and punctuation omitted.) *In re Estate of Wade*, 331 Ga. App. 535, 536 (771 SE2d 214) (2015). We therefore review this case on appeal as we would any other direct appeal from superior court.

Although titled a motion for summary judgment, Paul's motion is more accurately described as a motion for entry of default judgment. See OCGA § 15-9-47 (entry of default judgment in probate court for failure to timely file an answer or caveat)[2]; OCGA § 53-11-10 (a) (time for filing an objection in probate court)[3]. We

---

[2] This Code section provides, in pertinent part: "[I]f in any case pending before the probate court an answer, caveat, or other responsive pleading has not been filed within the time required by law or by lawful order of the court, the case shall automatically become in default unless the time for filing the answer, caveat, or other responsive pleading has been extended as provided by law. The petitioner at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition or other pleadings filed in the matter were supported by proper evidence."

[3] This Code section provides, in pertinent part: "For persons within the continental United States who are served by registered or certified mail or statutory overnight delivery, return receipt requested, the date on or before any objection is required to be filed shall not be less than 13 days from the date of mailing; provided, however, that if a return receipt from any recipient is received by the court within 13

review rulings for entry of default judgment for abuse of discretion. *Laurel Baye Healthcare of Macon, LLC. v. Neubauer*, 315 Ga. App. 474, 475 (726 SE2d 670) (2012); *Edenfield & Cox, P. C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006).

In *Laurel Baye*, we reversed the trial court's entry of default judgment because the plaintiff waived her right to seek a default judgment. 315 Ga. App. at 478 (1). In so holding we noted that "whenever possible cases should be decided on their merits for default judgment is not favored in law. [Cit.]" Id. at 476 (1) n. 1.

> The statutory right to judgment following default is not an indefeasible right, but may or may not be asserted, and may be waived by a plaintiff by proceeding with the action without taking advantage of his right to judgment in a timely and proper manner. Such waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment.

(Citations and punctuation omitted.) Id. at 476 (1). Accordingly, a plaintiff can waive the right to seek a default judgment by "allowing the defaulting party to plead, extending the time to plead, joining issue upon the pleadings, going to trial on the merits, announcing ready for trial and introducing evidence on the merits, and failing

---

days from the date of mailing, the date on or before any objection is required to be filed by such recipient shall be ten days from the date of receipt shown on such return receipt."

6

to move for a default judgment or otherwise raise any issue of default before the appeal." Id. Other conduct showing waiver includes: "conducting discovery, responding to motions with evidence in support of the merits of his case, announcing ready and requesting that the case be put on the trial calendar, and failing to move for default judgment before summary judgment was granted to the defendants." Id. In *Laurel Baye*, we found the plaintiff impliedly waived her right to a default judgment by waiting a year and a half to file a motion for default judgment, engaging in discovery after the defendant no longer had a right to open the default as a matter of right and had not filed a motion to open default, moving to compel discovery, and moving to extend the time in which to conduct discovery. Id. at 477-478 (1).

Here, Paul took Hill's deposition almost a year after Hill failed to timely file his caveat, and the vast majority of questions were devoted to the merits of Hill's objections to the validity of the will.[4] After taking Hill's deposition, Paul opposed Hill's requests for a continuance and sought a trial. It was not until eight days before

---

[4] We are not persuaded by Paul's argument that she could not move to dismiss the caveat until after she had taken Hill's deposition. Paul could have supported a motion to dismiss with the certified mail return receipt showing Hill's receipt of the notice of the time period for filing an objection to her petition to probate the will. Additionally, Paul waited another two months, during which time she objected to a trial continuance, before orally moving the probate court to dismiss the caveat.

7

the third scheduled trial date and 15 months after Hill's caveat was untimely filed that Paul orally moved to dismiss Hill's caveat. As this lengthy course of conduct was "entirely inconsistent with an intent to raise or rely upon a default judgment," *Laurel Baye*, supra, 315 Ga. App. at 478 (1), it resulted in a waiver of Paul's right to default under OCGA § 15-9-47. See also *Davis v. Wallace*, 310 Ga. App. 340, 344 (1) (713 SE2d 446) (2011) (holding "motion for default was too little too late" in case where plaintiff conducted discovery, responded to motions with evidence in support of merits of case, and requested that case be put on trial calendar); *Ward v. Swartz*, 285 Ga. App. 788, 790 (2) (648 SE2d 114) (2007) (one factor in support of plaintiff's waiver of right to default judgment was plaintiff's request that case be put on jury trial calendar). We therefore reverse the superior court's grant of summary judgment in favor of Paul.[5]

Paul's motion for a frivolous appeal penalty under Court of Appeals Rule 15 is denied.

---

[5] Our opinion in *In re Estate of Loyd*, 328 Ga. App. 287 (761 SE2d 833) (2014) does not require a different result because in that case the issue of waiver by the petitioner was neither raised nor ruled upon. "Issues merely lurking in the record, neither brought to the court's attention nor expressly ruled upon, have not been decided so as to constitute precedent." (Citation and punctuation omitted.) *Studio X, Inc. v. Weener, Mason & Nathan, LLP*, 276 Ga. App. 652, 655 (624 SE2d 157) (2005).

*Judgment reversed. Barnes, P. J., and Rickman, J., concur.*